PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
The Florida Bar served two Complaints, May 8, 1975 and June 25, 1975 alleging as follows:
COMPLAINT, May 8, 1975
“1. The Respondent, Ralph A. Johnston is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
3. Shortly after an accident with Robert Patrick Payton on October 3, 1970, Albert King retained Respon *10 dent to represent Mr. King in various legal matters arising out of the accident.
4. Respondent performed services in Mr. King’s behalf until July 28, 1972, after which Respondent took no further action in the matter until he received notice, on or about August 27, 1974, that Mr. King had filed a complaint with The Florida Bar.
5. At no time between July 28, 1972, and August 27, 1974, did Respondent inform Mr. King that he was withdrawing from Mr. King’s case.
6. On October 3, 1974, the day before the statute of limitations ran on Mr. King’s accident, Respondent filed suit against Insurance Company of North America, National Premium Budget Plan Corporation, and Kenneth Greenberg, individually, d/b/a 183rd Street Auto Tag Agency and as agent for Insurance Company of North America.
7. Although the driver of the other car involved in the accident with Mr. King, Robert Patrick Payton, and his corporate employer in whose behalf Mr. Payton was operating the car, were known to Respondent, he failed to join them in the suit or file separate suit against them in his client’s behalf and his client has therefore lost all right of recourse for his damages from these parties.
8. By reason of the foregoing, Respondent has violated Disciplinary Rules 6-101 (A) (3), 7-101 (A) (2) and 7-101 (A) (3) of the Code of Professional Responsibility.”
COMPLAINT, June 25, 1975
“1. The Respondent, Ralph A. Johnston, is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
3. On or about December 31, 1973, Raymond T. Fay paid $500 by cashier’s check to Respondent for the purpose of retaining Respondent to represent Mr. Fay and his sister, Diane M. Seiling, concerning certain legal matters arising out of their deceased father’s estate.
4. Respondent deposited the $500 check on January 14, 1974.
5. Subsequent to retaining Respondent, Ms. Seiling and Mr. Fay tried on numerous occasions to contact Respondent concerning the status of the matters he was handling for them. Respondent failed to return their telephone calls and refused to receive registered letters they sent to him.
6. As of May 1, 1975, Respondent has not taken any action on behalf of his clients, Ms. Seiling and Mr. Fay, regarding the matters for which he was hired to handle.
7. By reason by the foregoing, Respondent has violated Rule 11.02(3) (a) of the Integration Rule, and Disciplinary Rules 1-102(6), 6-101(A)(3) and 7-101 (A)(1) and (2) of the Code of Professional Responsibility.”
The Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline is granted and Ralph A. Johnston is hereby suspended for 89 days, effective 45 days from this date, with automatic reinstatement at the end of said suspension.
Costs in the amount of Three Hundred Sixty-One Dollars ($361) are hereby taxed *11 against respondent to be paid to The Florida Bar within thirty days from this date unless such time is extended by the Board of Governors of The Florida Bar for good cause shown.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.